IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE HIRSCHHORN<br>1123 Coventry Avenue<br>Cheltenham, PA 19012<br><br>　　　　　　　　　Plaintiff/Relator,<br>v.<br><br>CHURCH & DWIGHT CO., INC.<br>469 North Harrison Street<br>Princeton, NJ 08543<br><br>　　　　　　　　　Defendant. | CIVIL ACTION<br><br>No. _____ |

Plaintiff/Relator Jane Hirschhorn ("Hirschhorn"), by her undersigned counsel and for her Complaint against Defendant Church & Dwight Co., Inc. ("C&D"), avers as follows:

## NATURE OF ACTION

1.　　This is an action for false patent marking under Title 35, Section 292, of the United States Code.

2.　　As set forth in detail below, C&D has violated 35 U.S.C. § 292(a) by, *inter alia*, falsely marking articles with expired patents, as well as using these expired patents in advertising in connection with such articles, all for the purpose of deceiving the public into believing that such articles are covered by these expired patents.

3.　　Hirschhorn seeks the imposition of a fine against C&D, one half of which shall be for the use of the United States of America, and the other half of which shall go to Hirschhorn pursuant to 35 U.S.C. § 292(b).

## THE PARTIES

4. Hirschhorn is an adult individual who resides at 1123 Coventry Avenue, Cheltenham, Pennsylvania 19012.

5. Defendant C&D is a Delaware corporation with its principal place of business located at 469 North Harrison Street, Princeton, New Jersey 08543.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(c) and 1395(a), because C&D has conducted business and continues to conduct business in this judicial district, through, amoung other things, the sale of products that are the subject of this action.

8. Plaintiff has standing to bring this action pursuant to 35 U.S.C. § 292(b), which provides that "any person" may bring action for civil money penalties for false patent marking.

## FACTUAL BACKGROUND

**I. C&D**

9. C&D, a publicly-traded company founded in 1846, is the leading U.S. producer of sodium bicarbonate, popularly known as baking soda, a natural product that purportedly cleans, deodorizes, leavens and buffers.

10. According to C&D, its ARM & HAMMER brand is one of the nation's most trusted trademarks for a broad range of consumer and specialty products developed from the base of bicarbonate and related technologies.

11. C&D holds itself out as one of the leading consumer packaged goods companies in the United States.

12. According to C&D, approximately 40% of its U.S. consumer products are sold under the ARM & HAMMER brand name and derivative trademarks, including ARM & HAMMER DENTAL CARE Toothpaste and ARM & HAMMER SUPER SCOOP Clumping Cat Litter.

13. C&D's ARM & HAMMER DENTAL CARE Toothpaste line includes the products called "ARM & HAMMER COMPLETE CARE" and "ARM & HAMMER PEROXI-CARE."

14. In addition to its ARM & HAMMER DENTAL CARE Toothpaste products, C&D manufactures other toothpastes under the "AIM," "CLOSE-UP," and "PEPSODENT" brands.

## II. C&D'S Intellectual Property

15. C&D considers its intellectual property rights to be a key factor to its business success.

16. In its federal securities filings, C&D regularly states that its "trademarks (identified throughout this annual report in capitalized letters), including ARM & HAMMER, are registered with the United States Patent and Trademark Office and also with the trademark offices of many foreign countries. The ARM & HAMMER trademark has been used by the Company since the late 1800's, and is a valuable asset and important to the successful operation of the Company's business."

17. C&D is a sophisticated company with decades of experience in applying for, obtaining, and litigating patents, and therefore knows that patents do not have an unlimited duration.

18. Indeed, C&D, in its federal securities filings, affirmatively states that "United States patents are currently granted for a term of 20 years from the date the patent application is filed[.]"

## III. Patent 4,891,211

19. C&D is the assignee of many U.S. Patents.

20. Among them is U.S. Patent No. 4,891,211 (the '211 Patent), entitled STABLE HYDROGEN PEROXIDE-RELEASING DENTIFICE. A true and correct copy of the the '211 Patent is attached hereto as Exhibit "A."

21. The '211 Patent was filed on June 29, 1988, and issued on January 2, 1990.

22. The '211 Patent expired on June 29, 2008.

23. Every U.S. patent, when issued, sets forth its date of expiration.

24.  C&D has therefore known of the expiration date of the '211 Patent since it was issued on January 2, 1990.

**C&D's False Marking of Patent 4,891,211**

25.  C&D does not mark patents on all of its products, including its toothpaste products.

26.  For instance, C&D's AIM, CLOSE-UP and PEPSODENT toothpaste products do not have any patents marked upon them.

27.  In certain instances, however, C&D intentionally decides to mark certain of its products, including its toothpaste products, with certain patent numbers.

28.  No later than the year 2006, C&D began marking its "ARM & HAMMER COMPLETE CARE" and "ARM & HAMMER PEROXI-CARE" line of toothpastes with the '211 Patent.[1]

29.  In 2006, C&D reviewed its patents, including the '211 Patent, when it made the decision to mark, or continue marking, its "ARM & HAMMER COMPLETE CARE" and "ARM & HAMMER PEROXI-CARE" line of toothpastes with the '211 Patent.

30.  As set forth above, C&D knows that U.S. patents expire within 20 years of their application.

---

[1] The packaging for C&D's "ARM & HAMMER COMPLETE CARE" and "ARM & HAMMER PEROXI-CARE" toothpastes claims to be protected by copyright as of 2006.

31.     C&D thus confirmed that the '211 Patent would not cover its "ARM & HAMMER COMPLETE CARE" and "ARM & HAMMER PEROXI-CARE" lines of toothpastes after June 29, 2008.

32.     C&D has nevertheless decided to continue marking every unit of its "ARM & HAMMER COMPLETE CARE" and "ARM & HAMMER PEROXI-CARE" lines of toothpastes with the '211 Patent since June 29, 2008 and until the present.

33.     C&D had and has no reasonable basis to believe that its "ARM & HAMMER COMPLETE CARE" and "ARM & HAMMER PEROXI-CARE" lines of toothpastes were covered by the '211 Patent after June 29, 2008.

34.     Upon information and belief, notwithstanding its expiration, C&D has marked, and continues to mark, its "ARM & HAMMER COMPLETE CARE" and "ARM & HAMMER PEROXI-CARE" line of toothpastes with the '211 Patent for the purpose of deceiving the public into believing that the "ARM & HAMMER COMPLETE CARE" and "ARM & HAMMER PEROXI-CARE" lines of toothpastes are covered by the '211 Patent.

35.     Upon information and belief, C&D has used the unlawfully-marked packaging of its "ARM & HAMMER COMPLETE CARE" and "ARM & HAMMER PEROXI-CARE" lines of toothpastes in its advertising.

36.  By marking and continuing to mark articles of "ARM & HAMMER COMPLETE CARE" and "ARM & HAMMER PEROXI-CARE" toothpaste with the '211 Patent since June 29, 2008, without a reasonable belief that the "ARM & HAMMER COMPLETE CARE" and "ARM & HAMMER PEROXI-CARE" lines of toothpastes could have been covered by the '211 Patent, and by using the improperly-marked packaging of "ARM & HAMMER COMPLETE CARE" and "ARM & HAMMER PEROXI-CARE" toothpastes in advertising, C&D has injured the sovereign interests of the United States of America as well as the public interest, and has discouraged or deterred honest competition and innovation in competing products.

## COUNT I
## THE '211 PATENT

### FALSE MARKING OF
### ARM & HAMMER COMPLETE CARE TOOTHPASTE

37.  Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

38.  C&D manufactures, or causes to be manufactured, and sells a product named ARM & HAMMER COMPLETE CARE toothpaste since, at least, the year 2006.

39.  C&D has known that the '211 Patent would expire on June 29, 2008 since, at least, the year 2006.

40.  Therefore, C&D knew and knows that no products could be covered by the '211 Patent since June 29, 2008.

41. C&D knew and knows that each unit of of ARM & HAMMER COMPLETE CARE toothpaste it has ever manufactured, or caused to be manufactured, since June 29, 2008 has not been covered by the '211 Patent.

42. Nevertheless, since June 29, 2008, C&D has marked or caused to be marked, and continues to mark or cause to be marked, each unit of ARM & HAMMER COMPLETE CARE toothpaste with the '211 Patent.

43. C&D has used, and continues to use, improperly marked packaging of ARM & HAMMER COMPLETE CARE toothpaste in advertising since June 29, 2008.

44. There is no reasonable basis for C&D to have continued marking each unit of ARM & HAMMER COMPLETE CARE toothpaste with the '211 Patent since June 29, 2008.

45. C&D has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of ARM & HAMMER COMPLETE CARE toothpaste with the '211 Patent for the purpose of deceiving the public.

### COUNT II
### THE '211 PATENT

### FALSE MARKING OF
### ARM & HAMMER PEROXI-CARE TOOTHPASTE

46. Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

47. C&D manufactures, or causes to be manufactured, and sells a product named ARM & HAMMER PEROXI-CARE toothpaste since, at least, the year 2006.

48.     C&D has known that the '211 Patent would expire on June 29, 2008 since, at least, the year 2006.

49.     Therefore, C&D knew and knows that no products could therefore be covered by the '211 Patent since June 29, 2008.

50.     C&D knew and knows that each unit of of ARM & HAMMER PEROXI-CARE toothpaste it has ever manufactured, or caused to be manufactured, since June 29, 2008 has not been covered by the '211 Patent.

51.     Nevertheless, since June 29, 2008, C&D has marked or caused to be marked, and continues to mark or cause to be marked, each unit of ARM & HAMMER PEROXI-CARE toothpaste with the '211 Patent.

52.     C&D has used, and continues to use, improperly marked packaging of ARM & HAMMER PEROXI-CARE toothpaste in advertising since June 29, 2008.

53.     There is no reasonable basis for C&D to have continued marking each unit of ARM & HAMMER PEROXI-CARE toothpaste with the '211 Patent since June 29, 2008.

54.     C&D has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of ARM & HAMMER PEROXI-CARE toothpaste with the '211 Patent for the purpose of deceiving the public.

## PENALTY

55. Each marking by C&D of the '211 Patent on each unit of "ARM & HAMMER COMPLETE CARE" and "ARM & HAMMER PEROXI-CARE" toothpaste constitutes an individual false marking offense that has injured and continues to injure the sovereign interests of the United States of America as well as the public interest, and has discouraged or deterred and continues to discourage or deter honest competition and innovation in competing products.

56. Each use in advertising by C&D of "ARM & HAMMER COMPLETE CARE" and "ARM & HAMMER PEROXI-CARE" improperly marked with the '211 Patent in connection with each article of "ARM & HAMMER COMPLETE CARE" and "ARM & HAMMER PEROXI-CARE" toothpaste constitutes a false marking offense that has injured and continues to injure the sovereign interest of the United States of America as well as the public interest, and has discouraged or deterred and continues to discourage or deter honest competition and innovation in competing products.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff/Relator Hirschhorn respectfully requests that this Court:

    a. Find that C&D's manufacture, advertising, and sale of products with false patent markings or false patent assertions violate 35 U.S.C. § 292(a);

    b. Enter judgment against C&D and in favor of the Unites States and Hirschhorn;

c. Determine an appropriate fine, of not more than $500 per offense but sufficient to penalize C&D's violations of § 292(a) and to deter C&D and others similarly situated from violating § 292(a) in the future, for each offense of false marking, one-half of which shall be for the use of the United States of America and the other half of which shall go to Hirschhorn;

d. Award Hirschhorn the costs incurred in this litigation;

e. Determine that the present case is exceptional under 35 U.S.C. § 285 and, based on such determination, award Hirschhorn her reasonable attorney fees; and

f. Grant Hirschhorn such other and further relief as this Honorable Court shall deem just and equitable.

### REQUEST FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b)(1), Hirschhorn hereby demands a jury trial on all issues so triable.

Respectfully submitted,

**LAYSER & FREIWALD, P.C.**

/s/ Aaron J. Freiwald
Aaron J. Freiwald
1500 Walnut Street
18th Floor
Philadelphia, PA 19102
(215) 875-8000

DATED: March 17, 2010

Attorneys for Plaintiff/Relator
Jane Hirschhorn